IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROGELIO C. LORENZO, JR. and LEAH M. LORENZO, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Civil Action No. 4:23-cv-00179-ALM |
| SERVIS ONE, INC., d/b/a BSI FINANCIAL SERVICES; US BANK TRUST, N.A. as trustee for IGLOO SERIES II TRUST; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX INFORMATION SERVICES, LLC, | § § § § § § § § | |
| *Defendants*. | § § | |

## DEFENDANTS BSI AND U.S. BANK'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Servis One, Inc. d/b/a BSI Financial Services ("BSI") and U.S. Bank Trust, N.A. as Trustee for Igloo Series II Trust ("U.S. Bank", and collectively, the "Defendants") hereby answer Plaintiffs Rogelio C. Lorenzo, Jr. and Leah M. Lorenzo's ("Plaintiffs") Complaint (the "Complaint"),[1] and deny all allegations contained therein unless specifically admitted below.

## I. INTRODUCTION

1.       Admitted in part and denied in part. Defendants admit that Plaintiffs filed a Chapter 13 bankruptcy in 2014 and that the debtors were discharged on March 12, 2020. Defendants deny that they failed to comply with the Bankruptcy Court's order or otherwise intentionally took actions to the impediment of Plaintiffs. Defendants demand strict proof.

2.        Defendants deny that they improperly reported Plaintiffs' mortgage loan as seriously delinquent. Defendants demand strict proof. Defendants are without information or

---

[1]     *See* ECF No. 1.

knowledge sufficient to form a belief about the truth of the allegation pertaining to Plaintiffs' credit scores and, therefore, deny the same.

3.      Defendants deny that improperly applied payments or otherwise mishandled the accounting of Plaintiffs' mortgage loan. Defendants demand strict proof.

4.      Defendants deny that they improperly reported Plaintiffs' mortgage loan as seriously delinquent. Defendants demand strict proof. Defendants are without information or knowledge sufficient to form a belief about the truth of the allegation pertaining to Plaintiffs' credit scores and, therefore, deny the same.

5.      Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, deny the same.

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint that they improperly applied payments or otherwise mishandled the accounting of Plaintiffs' mortgage loan. Defendants demand strict proof. Defendants are without information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 6 of the Complaint concerning the Credit Reporting Agencies ("CRAs") and, therefore, deny the same.

## II. PARTIES

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

2

12.     The allegations in paragraph 12 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

13.     The allegations in paragraph 13 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

14.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, deny the same.

15.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, deny the same.

16.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, deny the same.

### III. JURISDICTION, AUTHORITY AND VENUE

17.     Admitted in part and denied in part. Defendants admit that the Complaint references the Plaintiffs' Chapter 13 bankruptcy proceeding. However, Defendants are without information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 8 of the Complaint concerning the relation between this action and the bankruptcy action and, therefore, deny the same.

18.     The allegations in paragraph 18 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

19.     The allegations in paragraph 19 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied. Defendants further

3

specifically deny that the Court has jurisdiction to adjudicate claims related to the Plaintiffs' Chapter 13 action.

20.     The allegations in paragraph 20 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

### IV. FACTUAL ALLEGATIONS

21.     The allegations contained in paragraph 21 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 21 are denied as stated to the extent they attempt to summarize or characterize the documents.

22.     The allegations contained in paragraph 22 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 22 are denied as stated to the extent they attempt to summarize or characterize the documents.

23.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, deny the same.

24.     The allegations contained in paragraph 24 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 24 are denied as stated to the extent they attempt to summarize or characterize the document.

25.     The allegations contained in paragraph 25 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 25 are denied as stated to the extent they attempt to summarize or characterize the document.

26.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, deny the same.

4

27.     Admitted.

28.     Admitted.

29.     The allegations contained in paragraph 29 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 29 are denied as stated to the extent they attempt to summarize or characterize the document.

30.     The allegations contained in paragraph 30 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 30 are denied as stated to the extent they attempt to summarize or characterize the document.

31.     The allegations contained in paragraph 31 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 31 are denied as stated to the extent they attempt to summarize or characterize the documents.

32.     The allegations contained in paragraph 32 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 32 are denied as stated to the extent they attempt to summarize or characterize the document.

33.     The allegations contained in paragraph 33 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 33 are denied as stated to the extent they attempt to summarize or characterize the document.

34.     The allegations contained in paragraph 34 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 34 are denied as stated to the extent they attempt to summarize or characterize the document.

35.     The allegations contained in paragraph 35 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 35 are denied as stated to the extent they attempt to summarize or characterize the document.

36.     The allegations contained in paragraph 36 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 36 are denied as stated to the extent they attempt to summarize or characterize the document.

37.     The allegations contained in paragraph 37 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 37 are denied as stated to the extent they attempt to summarize or characterize the document.

38.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, deny the same.

39.     The allegations contained in paragraph 39 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 39 are denied as stated to the extent they attempt to summarize or characterize the document.

40.     The allegations contained in paragraph 40 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 40 are denied as stated to the extent they attempt to summarize or characterize the document.

41.     The allegations contained in paragraph 41 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 41 are denied as stated to the extent they attempt to summarize or characterize the document.

42.     The allegations contained in paragraph 42 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 42 are denied as stated to the extent they attempt to summarize or characterize the document.

146035.01296/132166506v.1

43.     The allegations contained in paragraph 43 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 43 are denied as stated to the extent they attempt to summarize or characterize the document.

44.     The allegations contained in paragraph 44 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 44 are denied as stated to the extent they attempt to summarize or characterize the document.

45.     The allegations contained in paragraph 45 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 45 are denied as stated to the extent they attempt to summarize or characterize the document.

46.     The allegations contained in paragraph 46 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 46 are denied as stated to the extent they attempt to summarize or characterize the document.

47.     The allegations contained in paragraph 47 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 47 are denied as stated to the extent they attempt to summarize or characterize the document.

48.     The allegations contained in paragraph 48 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 48 are denied as stated to the extent they attempt to summarize or characterize the document.

49.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, deny the same..

50.     The allegations contained in paragraph 50 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 50 are denied as stated to the extent they attempt to summarize or characterize the document.

51.     The allegations contained in paragraph 51 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 51 are denied as stated to the extent they attempt to summarize or characterize the document.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof. The allegations in paragraph 52 of the Complaint also state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof.

54.     The allegations contained in paragraph 54 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 54 are denied as stated to the extent they attempt to summarize or characterize the document.

55.     The allegations contained in paragraph 55 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 55 are denied as stated to the extent they attempt to summarize or characterize the document.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof.

58.     The allegations contained in paragraph 58 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 58 are denied as stated to the extent they attempt to summarize or characterize the document.

59.     The allegations contained in paragraph 59 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 59 are denied as stated to the extent they attempt to summarize or characterize the document. Defendants deny the allegations contained in paragraph 59 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof.

60.     The allegations contained in paragraph 60 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 60 are denied as stated to the extent they attempt to summarize or characterize the document.

61.     The allegations contained in paragraph 61 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 61 are denied as stated to the extent they attempt to summarize or characterize the document. Defendants deny the allegations contained in paragraph 61 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof

62.     The allegations contained in paragraph 62 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 62 are denied as stated to the extent they attempt to summarize or characterize the document.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof.

9

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof. The allegations contained in paragraph 65 of the Complaint also reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 65 are denied as stated to the extent they attempt to summarize or characterize the document.

66.     The allegations contained in paragraph 66 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 66 are denied as stated to the extent they attempt to summarize or characterize the document.

67.     The allegations contained in paragraph 67 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 67 are denied as stated to the extent they attempt to summarize or characterize the document.

68.     The allegations contained in paragraph 68 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 68 are denied as stated to the extent they attempt to summarize or characterize the document.

69.     Admitted in part and denied in part. It is admitted that the servicing of the Plaintiff's mortgage account was transferred from BSI to Fay Servicing LLC. It is denied that the transfer occurred on December 1, 2021 because the effective date of the transfer was November 1, 2021. Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 69 of the Complaint regarding Plaintiffs' payments to Fay Servicing LLC and, therefore, deny the same.

70.     The allegations contained in paragraph 70 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 70 are denied as stated to the extent they attempt to summarize or characterize the documents. The allegations in

10

paragraph 70 of the Complaint also state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

71.     The allegations contained in paragraph 71 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 71 are denied as stated to the extent they attempt to summarize or characterize the documents.

72.     The allegations contained in paragraph 72 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 72 are denied as stated to the extent they attempt to summarize or characterize the documents.

73.     The allegations contained in paragraph 73 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 73 are denied as stated to the extent they attempt to summarize or characterize the document.

74.     The allegations contained in paragraph 74 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 74 are denied as stated to the extent they attempt to summarize or characterize the document.

75.     The allegations contained in paragraph 75 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 75 are denied as stated to the extent they attempt to summarize or characterize the document.

76.     The allegations contained in paragraph 76 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 76 are denied as stated to the extent they attempt to summarize or characterize the document.

77.     The allegations contained in paragraph 77 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 77 are denied as stated to the extent they attempt to summarize or characterize the document.

146035.01296/132166506v.1

78.     The allegations contained in paragraph 78 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 78 are denied as stated to the extent they attempt to summarize or characterize the document.

79.     The allegations contained in paragraph 79 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 79 are denied as stated to the extent they attempt to summarize or characterize the document.

80.     The allegations contained in paragraph 80 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 80 are denied as stated to the extent they attempt to summarize or characterize the document.

81.     The allegations contained in paragraph 81 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 81 are denied as stated to the extent they attempt to summarize or characterize the document.

82.     The allegations contained in paragraph 82 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 82 are denied as stated to the extent they attempt to summarize or characterize the document.

83.     The allegations contained in paragraph 83 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 83 are denied as stated to the extent they attempt to summarize or characterize the documents. The allegations in paragraph 83 are further denied because Defendants are without information or knowledge sufficient to form a belief about Plaintiffs' thoughts or beliefs and, therefore, deny the same.

84.     The allegations contained in paragraph 84 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 84 are denied as stated to the extent they attempt to summarize or characterize the document.

146035.01296/132166506v.1

85.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 85 of the Complaint and, therefore, deny the same.

86.     The allegations contained in paragraph 86 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 86 are denied as stated to the extent they attempt to summarize or characterize the documents. Defendants deny the allegations contained in paragraph 86 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof.

87.     The allegations contained in paragraph 87 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 87 are denied as stated to the extent they attempt to summarize or characterize the documents. Defendants deny the allegations contained in paragraph 87 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof.

88.     The allegations contained in paragraph 88 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 88 are denied as stated to the extent they attempt to summarize or characterize the documents. Defendants deny the allegations contained in paragraph 88 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof.

89.     The allegations contained in paragraph 89 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 89 are denied as stated to the extent they attempt to summarize or characterize the documents. Defendants deny the allegations contained in paragraph 89 of the Complaint regarding Plaintiffs' payments. Defendants demand strict proof.

146035.01296/132166506v.1

90.     Defendants deny that they have improperly assessed interest or increased Plaintiffs' loan balance. Defendants demand strict proof.

91.     The allegations in paragraph 91 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

92.     The allegations in paragraph 92 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

93.     Defendants deny that they made improper demands for payment or incorrectly reported Plaintiffs' account to the CRAs. Defendants demand strict proof.

94.     The allegations in paragraph 94 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

95.     The allegations in paragraph 95 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

96.     .Admitted in part and denied in part. It is admitted that Plaintiffs sent written correspondence to Defendants regarding the servicing of the mortgage account. However, it is denied that Defendants failed to properly apply payments or otherwise service Plaintiffs' account.

97.     The allegations contained in paragraph 97 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 97 are denied as stated to the extent they attempt to summarize or characterize the documents. Defendants further deny that the referenced documents comply with the associated statutes.

98.     The allegations contained in paragraph 98 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 98 are denied as stated to the extent they attempt to summarize or characterize the document.

99.    The allegations contained in paragraph 99 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 99 are denied as stated to the extent they attempt to summarize or characterize the document.

100.    The allegations contained in paragraph 100 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 100 are denied as stated to the extent they attempt to summarize or characterize the document.

101.    The allegations contained in paragraph 101 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 101 are denied as stated to the extent they attempt to summarize or characterize the document.

102.    The allegations contained in paragraph 102 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 102 are denied as stated to the extent they attempt to summarize or characterize the document.

103.    The allegations contained in paragraph 103 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 103 are denied as stated to the extent they attempt to summarize or characterize the document.

104.    The allegations contained in paragraph 104 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 104 are denied as stated to the extent they attempt to summarize or characterize the document.

105.    The allegations contained in paragraph 105 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 105 are denied as stated to the extent they attempt to summarize or characterize the document.

146035.01296/132166506v.1

106.    The allegations contained in paragraph 106 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 106 are denied as stated to the extent they attempt to summarize or characterize the document.

107.    The allegations contained in paragraph 107 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 107 are denied as stated to the extent they attempt to summarize or characterize the document.

108.    The allegations contained in paragraph 108 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 108 are denied as stated to the extent they attempt to summarize or characterize the document.

109.    The allegations contained in paragraph 109 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 109 are denied as stated to the extent they attempt to summarize or characterize the document.

110.    The allegations contained in paragraph 110 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 110 are denied as stated to the extent they attempt to summarize or characterize the document.

111.    The allegations contained in paragraph 111 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 111 are denied as stated to the extent they attempt to summarize or characterize the document.

112.    The allegations contained in paragraph 112 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 112 are denied as stated to the extent they attempt to summarize or characterize the document.

146035.01296/132166506v.1

113.    The allegations contained in paragraph 113 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 113 are denied as stated to the extent they attempt to summarize or characterize the document.

114.    The allegations contained in paragraph 114 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 114 are denied as stated to the extent they attempt to summarize or characterize the documents.

115.    The allegations contained in paragraph 115 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 115 are denied as stated to the extent they attempt to summarize or characterize the documents.

116.    The allegations contained in paragraph 116 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 116 are denied as stated to the extent they attempt to summarize or characterize the documents.

117.    The allegations contained in paragraph 117 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 117 are denied as stated to the extent they attempt to summarize or characterize the document.

118.    The allegations contained in paragraph 118 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 118 are denied as stated to the extent they attempt to summarize or characterize the document.

119.    The allegations contained in paragraph 119 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 119 are denied as stated to the extent they attempt to summarize or characterize the document.

146035.01296/132166506v.1

120.    The allegations contained in paragraph 120 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 120 are denied as stated to the extent they attempt to summarize or characterize the document.

121.    The allegations contained in paragraph 121 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 121 are denied as stated to the extent they attempt to summarize or characterize the document.

122.    The allegations contained in paragraph 122 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 122 are denied as stated to the extent they attempt to summarize or characterize the document.

123.    The allegations contained in paragraph 123 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 123 are denied as stated to the extent they attempt to summarize or characterize the document.

124.    The allegations contained in paragraph 124 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 124 are denied as stated to the extent they attempt to summarize or characterize the document.

125.    The allegations contained in paragraph 125 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 125 are denied as stated to the extent they attempt to summarize or characterize the document.

126.    The allegations contained in paragraph 126 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 126 are denied as stated to the extent they attempt to summarize or characterize the document.

127.     The allegations contained in paragraph 127 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 127 are denied as stated to the extent they attempt to summarize or characterize the document.

128.     The allegations contained in paragraph 128 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 128 are denied as stated to the extent they attempt to summarize or characterize the document.

129.     The allegations contained in paragraph 129 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 129 are denied as stated to the extent they attempt to summarize or characterize the document.

130.     The allegations contained in paragraph 130 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 130 are denied as stated to the extent they attempt to summarize or characterize the document.

131.     The allegations contained in paragraph 131 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 131 are denied as stated to the extent they attempt to summarize or characterize the document.

132.     The allegations contained in paragraph 132 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 132 are denied as stated to the extent they attempt to summarize or characterize the document.

133.     The allegations contained in paragraph 133 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 133 are denied as stated to the extent they attempt to summarize or characterize the document.

146035.01296/132166506v.1

134.     The allegations contained in paragraph 134 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 134 are denied as stated to the extent they attempt to summarize or characterize the document.

135.     The allegations contained in paragraph 135 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 135 are denied as stated to the extent they attempt to summarize or characterize the document.

136.     The allegations contained in paragraph 136 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 136 are denied as stated to the extent they attempt to summarize or characterize the document.

137.     The allegations contained in paragraph 137 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 137 are denied as stated to the extent they attempt to summarize or characterize the document.

138.     The allegations contained in paragraph 138 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 138 are denied as stated to the extent they attempt to summarize or characterize the document.

139.     The allegations contained in paragraph 139 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 139 are denied as stated to the extent they attempt to summarize or characterize the document.

140.     Defendants deny that any "mistakes" were intentionally made with respect to Plaintiffs' loan or that Defendants failed to properly apply payments or otherwise service Plaintiffs' loan. Defendants demand strict proof.

146035.01296/132166506v.1

141.    The allegations in paragraph 141 are denied because Defendants are without information or knowledge sufficient to form a belief about Plaintiffs' suspicions and, therefore, deny the same.

142.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 142 of the Complaint and, therefore, deny the same.

143.    The allegations contained in paragraph 143 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 143 are denied as stated to the extent they attempt to summarize or characterize the document.

144.    The allegations contained in paragraph 144 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 144 are denied as stated to the extent they attempt to summarize or characterize the document.

145.    The allegations contained in paragraph 145 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 145 are denied as stated to the extent they attempt to summarize or characterize the documents. The allegations in paragraph 145 are also denied because Defendants are without information or knowledge sufficient to form a belief about Plaintiffs' suspicions and, therefore, deny the same.

146.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 146 of the Complaint and, therefore, deny the same.

147.    The allegations contained in paragraph 147 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 147 are denied as stated to the extent they attempt to summarize or characterize the document.

148.     The allegations contained in paragraph 148 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 148 are denied as stated to the extent they attempt to summarize or characterize the document.

149.     The allegations contained in paragraph 149 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 149 are denied as stated to the extent they attempt to summarize or characterize the documents.

150.     Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

151.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 151 of the Complaint and, therefore, deny the same.

152.     The allegations contained in paragraph 152 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 152 are denied as stated to the extent they attempt to summarize or characterize the document.

153.     The allegations contained in paragraph 153 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 153 are denied as stated to the extent they attempt to summarize or characterize the document.

154.     The allegations contained in paragraph 154 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 154 are denied as stated to the extent they attempt to summarize or characterize the documents.

155.     The allegations contained in paragraph 155 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 155 are denied as stated to the extent they attempt to summarize or characterize the documents.

146035.01296/132166506v.1

156.     The allegations contained in paragraph 156 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 156 are denied as stated to the extent they attempt to summarize or characterize the documents.

157.     The allegations contained in paragraph 157 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 157 are denied as stated to the extent they attempt to summarize or characterize the document.

158.     The allegations contained in paragraph 158 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 158 are denied as stated to the extent they attempt to summarize or characterize the document.

159.     The allegations contained in paragraph 159 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 159 are denied as stated to the extent they attempt to summarize or characterize the documents.

160.     The allegations contained in paragraph 160 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 160 are denied as stated to the extent they attempt to summarize or characterize the documents.

161.     Admitted insofar as the certified mail receipt shows a signature and/or stamp.

162.     The allegations contained in paragraph 162 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 162 are denied as stated to the extent they attempt to summarize or characterize the document.

163.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 163 of the Complaint and, therefore, deny the same.

164.    The allegations contained in paragraph 164 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 164 are denied as stated to the extent they attempt to summarize or characterize the documents.

165.    The allegations contained in paragraph 165 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 165 are denied as stated to the extent they attempt to summarize or characterize the document.

166.    The allegations contained in paragraph 166 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 166 are denied as stated to the extent they attempt to summarize or characterize the document.

167.    The allegations contained in paragraph 167 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 167 are denied as stated to the extent they attempt to summarize or characterize the document.

168.    The allegations contained in paragraph 168 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 168 are denied as stated to the extent they attempt to summarize or characterize the document.

169.    The allegations contained in paragraph 169 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 169 are denied as stated to the extent they attempt to summarize or characterize the document.

170.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 170 of the Complaint and, therefore, deny the same.

171.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 171 of the Complaint and, therefore, deny the same.

172.    The allegations contained in paragraph 172 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 172 are denied as stated to the extent they attempt to summarize or characterize the document.

173.    The allegations contained in paragraph 173 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 173 are denied as stated to the extent they attempt to summarize or characterize the document.

174.    The allegations contained in paragraph 174 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 174 are denied as stated to the extent they attempt to summarize or characterize the document.

175.    The allegations contained in paragraph 175 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 175 are denied as stated to the extent they attempt to summarize or characterize the document.

176.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 176 of the Complaint and, therefore, deny the same.

177.    The allegations contained in paragraph 177 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 177 are denied as stated to the extent they attempt to summarize or characterize the document.

146035.01296/132166506v.1

178.     The allegations contained in paragraph 178 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 178 are denied as stated to the extent they attempt to summarize or characterize the document.

179.     The allegations contained in paragraph 179 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 179 are denied as stated to the extent they attempt to summarize or characterize the document.

180.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 180 of the Complaint and, therefore, deny the same.

181.     The allegations contained in paragraph 181 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 181 are denied as stated to the extent they attempt to summarize or characterize the document.

182.     The allegations contained in paragraph 182 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 182 are denied as stated to the extent they attempt to summarize or characterize the document.

183.     The allegations contained in paragraph 183 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 183 are denied as stated to the extent they attempt to summarize or characterize the documents.

184.     The allegations contained in paragraph 184 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 184 are denied as stated to the extent they attempt to summarize or characterize the documents.

185.     Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

26

186.    Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

187.    Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

188.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 188 of the Complaint and, therefore, deny the same.

189.    The allegations contained in paragraph 189 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 189 are denied as stated to the extent they attempt to summarize or characterize the document.

190.    The allegations contained in paragraph 190 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 190 are denied as stated to the extent they attempt to summarize or characterize the document.

191.    The allegations contained in paragraph 191 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 191 are denied as stated to the extent they attempt to summarize or characterize the documents.

192.    Admitted.

193.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 193 of the Complaint and, therefore, deny the same.

194.    The allegations contained in paragraph 194 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 194 are denied as stated to the extent they attempt to summarize or characterize the document.

146035.01296/132166506v.1

195.    The allegations contained in paragraph 195 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 195 are denied as stated to the extent they attempt to summarize or characterize the document.

196.    The allegations contained in paragraph 196 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 196 are denied as stated to the extent they attempt to summarize or characterize the documents.

197.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 197 of the Complaint and, therefore, deny the same.

198.    The allegations contained in paragraph 198 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 198 are denied as stated to the extent they attempt to summarize or characterize the document.

199.    Admitted.

200.    Admitted insofar as the certified mail receipts shows a signature and/or stamp.

201.    The allegations contained in paragraph 201 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 201 are denied as stated to the extent they attempt to summarize or characterize the document.

202.    Admitted insofar as the certified mail receipts shows a signature and/or stamp.

203.    The allegations contained in paragraph 203 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 203 are denied as stated to the extent they attempt to summarize or characterize the documents.

204.     The allegations contained in paragraph 204 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 204 are denied as stated to the extent they attempt to summarize or characterize the document.

205.     The allegations contained in paragraph 205 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 205 are denied as stated to the extent they attempt to summarize or characterize the document.

206.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 206 of the Complaint and, therefore, deny the same.

207.     The allegations contained in paragraph 207 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 207 are denied as stated to the extent they attempt to summarize or characterize the document.

208.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 208 of the Complaint and, therefore, deny the same.

209.     The allegations contained in paragraph 209 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 209 are denied as stated to the extent they attempt to summarize or characterize the document.

210.     The allegations contained in paragraph 210 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 210 are denied as stated to the extent they attempt to summarize or characterize the document.

211.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 211 of the Complaint and, therefore, deny the same.

212.     Admitted.

213.     The allegations contained in paragraph 213 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 213 are denied as stated to the extent they attempt to summarize or characterize the document.

214.     The allegations contained in paragraph 214 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 214 are denied as stated to the extent they attempt to summarize or characterize the document.

215.     The allegations contained in paragraph 215 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 215 are denied as stated to the extent they attempt to summarize or characterize the document.

216.     The allegations contained in paragraph 216 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 216 are denied as stated to the extent they attempt to summarize or characterize the document.

217.     Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

218.     Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

219.     Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

146035.01296/132166506v.1

220.    The allegations contained in paragraph 220 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 220 are denied as stated to the extent they attempt to summarize or characterize the document.

221.    Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

222.    Admitted.

223.    The allegations contained in paragraph 223 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 223 are denied as stated to the extent they attempt to summarize or characterize the documents.

224.    The allegations contained in paragraph 224 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 224 are denied as stated to the extent they attempt to summarize or characterize the document.

225.    The allegations contained in paragraph 225 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 225 are denied as stated to the extent they attempt to summarize or characterize the document.

226.    Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

227.    Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

228.    Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

229.    Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

146035.01296/132166506v.1

230.     The allegations contained in paragraph 230 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 230 are denied as stated to the extent they attempt to summarize or characterize the document.

231.     Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

232.     Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account, mishandled Plaintiffs' payments or improperly reported Plaintiffs' mortgage account to the CRAs. Defendants demand strict proof.

233.     Denied. Defendants deny that they failed to properly service Plaintiffs' mortgage account, mishandled Plaintiffs' payments or improperly reported Plaintiffs' mortgage account to the CRAs. Defendants demand strict proof.

234.     The allegations in paragraph 234 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

235.     The allegations in paragraph 235 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

236.     The allegations contained in paragraph 236 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 236 are denied as stated to the extent they attempt to summarize or characterize the document.

237.     The allegations contained in paragraph 237 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 237 are denied as stated to the extent they attempt to summarize or characterize the document. Defendants also deny that they failed to properly service Plaintiffs' mortgage account or otherwise mishandled Plaintiffs' payments. Defendants demand strict proof.

238.     The allegations in paragraph 238 of the Complaint state legal conclusions to which no response is required. Defendants further deny that BSI does not have policies and/or procedures related to the servicing of mortgage loans that are subject to the Bankruptcy Code.

239.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 239 of the Complaint and, therefore, deny the same.

240.     The allegations contained in paragraph 240 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 240 are denied as stated to the extent they attempt to summarize or characterize the document.

241.     The allegations contained in paragraph 241 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 241 are denied as stated to the extent they attempt to summarize or characterize the document.

242.     The allegations contained in paragraph 242 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 242 are denied as stated to the extent they attempt to summarize or characterize the document.

243.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

244.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

245.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof. Defendants are without information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 239 of the Complaint related to Plaintiffs' credit card and, therefore, deny the same.

246.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

247.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

248.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 248 of the Complaint and, therefore, deny the same.

249.     Denied. Defendants deny that they made unlawful demands upon Plaintiffs. Further, Defendants are without information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 249 of the Complaint related to emotional damages and, therefore, deny the same.

250.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 250 of the Complaint and, therefore, deny the same.

251.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 251 of the Complaint and, therefore, deny the same.

252.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 252 of the Complaint and, therefore, deny the same.

253.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 253 of the Complaint and, therefore, deny the same.

146035.01296/132166506v.1

254.     Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 254 of the Complaint and, therefore, deny the same.

255.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

256.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

257.     Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

## V. CAUSES OF ACTION
## COUNT I - CONTEMPT

258.     Defendants repeat and incorporate their prior responses as though fully stated herein.

259.     The allegations in paragraph 259 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

260.     Denied. Defendants deny that they failed to update the mortgage account. Defendants demand strict proof.

261.     The allegations in paragraph 261 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

262.     The allegations in paragraph 262 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

263.     The allegations in paragraph 263 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

264.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

265.     Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## COUNT II – VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. § 524(i)

266.     Defendants repeat and incorporate their prior responses as though fully stated herein.

267.     Denied. Defendants deny that they failed to update the mortgage account. Defendants demand strict proof.

268.     The allegations in paragraph 268 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

269.     The allegations contained in paragraph 269 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 269 are denied as stated to the extent they attempt to summarize or characterize the document.

270.     Denied. Defendants deny that they made unlawful demands upon Plaintiffs. Defendants demand strict proof.

271.     Denied. Defendants deny that they failed to update the mortgage account. Defendants demand strict proof.

272.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

273.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

274.     The allegations in paragraph 274 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

36

275.     Denied. Defendants do not engage in a pattern and practice of misconduct. Defendants demand strict proof.

276.     The allegations in paragraph 276 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

277.     Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

**COUNT III – VIOLATION OF THE CHAPTER 13 PLAN**
**AND ORDER CONFIRMING THE PLAN**

278.     Defendants repeat and incorporate their prior responses as though fully stated herein.

279.     The allegations in paragraph 279 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

280.     The allegations contained in paragraph 280 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 280 are denied as stated to the extent they attempt to summarize or characterize the document.

281.     The allegations in paragraph 281 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

282.     The allegations in paragraph 282 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

283.     The allegations in paragraph 283 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

284.     The allegations in paragraph 284 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

285.     Denied. Defendants deny that they intentionally, willfully or flagrantly violated any provision or part of the Bankruptcy Code. Defendants demand strict proof.

286.     Denied. Defendants do not engage in a pattern and practice of misconduct. Defendants demand strict proof.

287.     Denied. Defendants do not engage in a pattern and practice of ignoring court orders. Defendants demand strict proof.

288.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

289.     The allegations in paragraph 289 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

290.     Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

**COUNT IV – VIOLATION OF FED. BANKR. P. 3002.1**

291.     Defendants repeat and incorporate their prior responses as though fully stated herein.

292.     Admitted.

293.     Admitted.

294.     Admitted.

295.     The allegations contained in paragraph 295 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 295 are denied as stated to the extent they attempt to summarize or characterize the document.

296.     The allegations contained in paragraph 296 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 296 are denied as stated to the extent they attempt to summarize or characterize the document. Defendants further deny that they failed to properly credit Plaintiffs' mortgage account.

38

297.    Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

298.    Denied. Defendants do not engage in a pattern and practice of misconduct. Defendants demand strict proof.

299.    The allegations in paragraph 299 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

300.    The allegations in paragraph 300 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

301.    Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## COUNT V – VIOLATIONS OF THE REAL ESTATE
## SETTLEMENT PROCEDURES ACT

302.    Defendants repeat and incorporate their prior responses as though fully stated herein.

303.    Admitted.

304.    Admitted.

305.    The allegations in paragraph 305 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

306.    The allegations in paragraph 306 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

307.    The allegations contained in paragraph 307 of the Complaint reference a document that speaks for itself, and therefore, the allegations contained in Paragraph 307 are denied as stated to the extent they attempt to summarize or characterize the document. The allegations in paragraph 307 of the Complaint also state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

308.     The allegations in paragraph 300 of the Complaint state legal conclusions to which no response is required. Defendants further deny that they failed to conduct a reasonable investigation, failed to properly credit Plaintiffs' mortgage account or properly report Plaintiffs' mortgage account.  Defendants demand strict proof.

309.     Denied. Defendants deny that they failed to properly credit Plaintiffs' mortgage account. Defendants demand strict proof.

310.     Denied. Defendants deny that they failed to properly report Plaintiffs' mortgage account. Defendants demand strict proof.

311.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

312.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

313.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

314.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

315.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

316.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

317.     Admitted.

318.     The allegations in paragraph 318 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

146035.01296/132166506v.1

319.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

320.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

321.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof. Further, the allegations in paragraph 321 of the Complaint state legal conclusions to which no response is required.

322.     Denied. Defendants deny that they failed to properly credit Plaintiffs' mortgage account or properly report Plaintiffs' mortgage account. Defendants demand strict proof.

323.     Denied. Defendants deny that they failed to conduct a reasonable investigation of Plaintiffs' mortgage account. Defendants demand strict proof.

324.     The allegations in paragraph 324 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.  Defendants deny the allegation in paragraph 324 of the Complaint that they did not respond to Plaintiffs' "RESPA correspondence."

325.     Denied. Defendants deny that they engage in a pattern and practice of failing to comply with any applicable statute. Defendants demand strict proof.

326.     Denied. Defendants deny that they have no policies or procedures related to the proper identification or remediation of borrower complaints. Defendants demand strict proof.

327.     Denied. Defendants deny that they have no policies or procedures related to the proper identification or remediation of borrower complaints. Defendants demand strict proof.

328.     Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## COUNT VI – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

329.    Defendants repeat and incorporate their prior responses as though fully stated herein.

330.    The allegations in paragraph 330 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

331.    The allegations in paragraph 331 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

332.    The allegations in paragraph 332 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.  Defendants deny that they failed to investigate Plaintiffs' complaints or properly report Plaintiffs' mortgage loan.

333.    The allegations contained in paragraph 333 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 333 are denied as stated to the extent they attempt to summarize or characterize the documents.

334.    The allegations contained in paragraph 334 of the Complaint reference documents that speak for themselves, and therefore, the allegations contained in Paragraph 334 are denied as stated to the extent they attempt to summarize or characterize the documents.

335.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 335 of the Complaint and, therefore, deny the same. More specifically, Defendants have no way of knowing how many dispute letters were actually received by each CRA.

336.    Denied. Defendants deny that BSI failed to reasonably investigate and process all proper disputes it received from the CRAs. Defendants demand strict proof.

42

337.    Denied. Defendants deny that BSI failed to reasonably investigate and process all proper disputes it received from the CRAs. Defendants demand strict proof.

338.    Denied. Defendants deny that BSI failed to reasonably investigate and process all proper disputes it received from the CRAs. Defendants demand strict proof.

339.    Denied. Defendants deny that BSI failed to reasonably investigate and process all proper disputes it received from the CRAs. Defendants demand strict proof.

340.    Denied. Defendants deny that BSI failed to reasonably investigate and process all proper disputes it received from the CRAs. Defendants demand strict proof.

341.    Denied. Defendants deny that BSI failed to reasonably investigate and process all proper disputes it received from the CRAs. Defendants demand strict proof.

342.    Denied. Defendants deny that BSI furnished inaccurate information to the CRAs. Defendants demand strict proof.

343.    The allegations in paragraph 343 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

344.    Denied. Defendants deny that BSI failed to properly service Plaintiff's mortgage account. Defendants demand strict proof.

345.    Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

346.    The allegations in paragraph 346 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

347.    Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## COUNT VII – VIOLATION OF THE FAIR CREDIT REPORTING ACT

348.    Defendants repeat and incorporate their prior responses as though fully stated herein.

349.     The allegations in paragraph 349 of the Complaint state legal conclusions to which no response is required.

350.    The allegations in paragraph 350 of the Complaint state legal conclusions to which no response is required.

351.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 351 of the Complaint and, therefore, deny the same.

352.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 352 of the Complaint and, therefore, deny the same.

353.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 353 of the Complaint and, therefore, deny the same.

354.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 354 of the Complaint and, therefore, deny the same.

355.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 355 of the Complaint and, therefore, deny the same.

356.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 356 of the Complaint and, therefore, deny the same.

357.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 357 of the Complaint and, therefore, deny the same.

358.    Defendants are without information or knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 358 of the Complaint and, therefore, deny the same.

359.    Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

360.    The allegations in paragraph 360 of the Complaint state legal conclusions to which no response is required.

361.    Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## COUNT VIII – BREACH OF CONTRACT

362.    Defendants repeat and incorporate their prior responses as though fully stated herein.

363.    Admitted in part and denied in part. It is admitted that the Note and Deed of Trust constitute a valid contract between Plaintiffs and U.S. Bank. However, it is denied that the Note and Deed of Trust constitute a valid contract between Plaintiffs and BSI, who executed neither.

364.    Denied.  Defendants deny that Plaintiffs have performed all of their contractual obligations.  Defendants demand strict proof.

45

365. Denied. Defendants deny that they breached any contract between them and Plaintiffs. Defendants demand strict proof.

366. Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

367. The allegations in paragraph 367 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied. Defendants also deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

368. Denied. Defendants deny that Plaintiffs are entitled to the requested relief. The allegations in paragraph 368 of the Complaint also state legal conclusions to which no response is required.

## COUNT IX – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

369. Defendants repeat and incorporate their prior responses as though fully stated herein.

370. The allegations in paragraph 370 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

371. The allegations in paragraph 371 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

372. The allegations in paragraph 372 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

373. The allegations in paragraph 373 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

146035.01296/132166506v.1

374.     The allegations in paragraph 374 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

375.     The allegations in paragraph 375 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

376.     The allegations in paragraph 376 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

377.     The allegations in paragraph 377 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

378.     Admitted.

379.     The allegations in paragraph 379 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

380.     The allegations in paragraph 380 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

381.     The allegations in paragraph 381 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

382.     Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

**COUNT X – DEFAMATION**

383.     Defendants repeat and incorporate their prior responses as though fully stated herein.

384.     Denied. Defendants deny that BSI made false statements regarding Plaintiffs' mortgage account to any entity or individual. Defendants demand strict proof.

385.     The allegations in paragraph 385 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

386.    Denied. Defendants deny that BSI made false statements regarding Plaintiffs' mortgage account to any entity or individual. Defendants demand strict proof.

387.    Denied. Defendants deny that BSI made false statements regarding Plaintiffs' mortgage account to any entity or individual. Defendants demand strict proof.

388.    Denied. Defendants deny that BSI made false statements regarding Plaintiffs' mortgage account to any entity or individual. Defendants demand strict proof.

389.    The allegations in paragraph 389 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

390.    Denied. Defendants deny that BSI made false statements regarding Plaintiffs' mortgage account to any entity or individual. Defendants demand strict proof.

391.    Denied. Defendants deny that BSI made false statements regarding Plaintiffs' mortgage account to any entity or individual. Defendants demand strict proof.

392.    Denied. Defendants deny that BSI false statements regarding Plaintiffs' mortgage account to any entity or individual. Defendants demand strict proof.

393.    Denied. Defendants deny that BSI false statements regarding Plaintiffs' mortgage account to any entity or individual. Defendants demand strict proof.

394.    The allegations in paragraph 381 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

395.    Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

**COUNT XI – NEGLIGENCE**

396.    Defendants repeat and incorporate their prior responses as though fully stated herein.

48

397.     The allegations in paragraph 397 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

398.     The allegations in paragraph 398 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

399.     The allegations in paragraph 399 of the Complaint state legal conclusions to which no response is required. Defendants further deny that BSI failed to properly service Plaintiffs' mortgage account. Defendants demand strict proof.

400.     Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

401.     The allegations in paragraph 401 of the Complaint state legal conclusions to which no response is required. Defendants further deny that BSI failed to properly service Plaintiffs' mortgage account and that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

402.     Denied. Defendants deny that BSI failed to properly service Plaintiffs' mortgage account and that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

403.     The allegations in paragraph 403 of the Complaint state legal conclusions to which no response is required. Defendants further deny that BSI failed to properly service Plaintiffs' mortgage account. Defendants demand strict proof.

404.     Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

405.     Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## COUNT XII – GROSS NEGLIGENCE

406.    Defendants repeat and incorporate their prior responses as though fully stated herein.

407.    The allegations in paragraph 407 of the Complaint state legal conclusions to which no response is required. Defendants further deny that BSI failed to properly service Plaintiffs' mortgage account. Defendants demand strict proof.

408.    Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

409.    The allegations in paragraph 409 of the Complaint state legal conclusions to which no response is required. Defendants further deny that BSI failed to properly service Plaintiffs' mortgage account. Defendants demand strict proof.

410.    Denied. Defendants deny that BSI failed to properly service Plaintiffs' mortgage account. Defendants demand strict proof.

411.    Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

412.    Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## REQUEST FOR ATTORNEYS' FEES

413.    Defendants repeat and incorporate their prior responses as though fully stated herein.

414.    Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

415.    Denied. Defendants deny that Plaintiffs' attorneys fees, if any, are reasonable or necessary.. Defendants demand strict proof.

416.    Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## REQUEST FOR DECLARATORY RELIEF

417.     Defendants repeat and incorporate their prior responses as though fully stated herein.

418.     The allegations in paragraph 418 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied. Defendants deny that Plaintiffs are entitled to the requested relief.

419.     Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## REQUEST FOR INJUNCTIVE RELIEF

420.     Defendants repeat and incorporate their prior responses as though fully stated herein.

421.     Denied. Defendants deny that they have no policies or procedures related to maintaining compliance with the Bankruptcy Code and bankruptcy courts and that they have a policy and practice of bankruptcy court orders and rules. Defendants demand strict proof.

422.     The allegations in paragraph 422 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied. Defendants further deny that they failed to properly credit Plaintiffs' mortgage account.

423.     The allegations in paragraph 423 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

424.     The allegations in paragraph 424 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

425.     The allegations in paragraph 425 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

426.     Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## REQUEST FOR ACTUAL DAMAGES, STATUTORY DAMAGES,
## PUNITIVE DAMAGES AND SANCTIONS

427.    Defendants repeat and incorporate their prior responses as though fully stated herein.

428.    Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

429.    Denied. Defendants deny that Plaintiffs have incurred any damages or have been negatively impacted. Defendants demand strict proof.

430.    The allegations in paragraph 430 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

431.    Denied. Defendants deny that Plaintiffs are entitled to the requested relief.

## DEMAND FOR JURY TRIAL

432.    Defendants admit that Plaintiffs have demanded a jury trial, but any allegations regarding whether and which of Plaintiffs' claims may be heard by a jury state legal conclusions to which no response is required. To the extent an answer is required, the same is denied.

## [PLAINTIFFS'] PRAYER

Defendants deny that Plaintiffs are entitled to any of the relief requested in their Prayer.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs. Defendants may assert additional defenses to which they may be entitled or which may be developed during discovery.

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by their failure to perform conditions precedent. The subject Deed of Trust at paragraph 20 requires a notice of grievance

52

before a party institutes a judicial action (such as this). Plaintiffs failed to submit this required notice and, thus, their claims are barred.

3.      Plaintiffs are not entitled to the relief sought in the Complaint.

4.      Counts I through IV of the Complaint implicate the jurisdiction of the United States Bankruptcy Court for the Eastern District of Texas, who has sole jurisdiction to hear these claims. Accordingly, this Court does not have jurisdiction to adjudicate Counts I through IV.

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of release, consent, laches, estoppel, waiver and/or acquiescence.

6.      Plaintiffs' claims are barred, in whole or in part, by their failure to act in good faith.

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of ratification, detrimental reliance, and/or promissory estoppel.

8.      Plaintiffs' claims are barred by the applicable statute of limitations.

9.      Defendants' conduct was not the cause in fact or the proximate cause of any of the damages alleged by Plaintiffs.

10.     To the extent Plaintiffs suffered any of the alleged damages, the existence of which are specifically denied, said damages were caused by Plaintiffs' own acts or omissions, and/or by individuals or entities over whom Defendants had no control.

11.     Plaintiffs' claims for damages, if any, are excessive and unsupported and, therefore, must be barred or limited.

12.     To the extent Plaintiffs suffered any of the alleged damages, which purported damages are specifically denied, Plaintiffs have failed to mitigate such damages.

13.     Plaintiffs did not sustain actual damages.

14.     Plaintiffs are not entitled to exemplary or punitive damages.

146035.01296/132166506v.1

15.     Plaintiffs are not entitled to statutory treble damages.

16.     There was no knowing, willful, or negligent failure to comply to comply with the requirements imposed by 15 U.S.C. § 1681s-2(b).

17.     BSI conducted reasonable investigations of Plaintiffs' disputes and the results of such investigations were reported to the applicable consumer reporting agencies.

18.     Assuming *arguendo* that BSI violated the Fair Credit Reporting Act ("FCRA"), which BSI denies, such violation was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

19.     Plaintiffs' state law claims, in whole or in part, may be preempted and barred by related federal laws.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that Plaintiffs are entitled to any of the relief sought, and request that the Court:

1.     Dismiss the Complaint with prejudice;

2.     Enter judgment for Defendants;

3.     Award Defendants their costs, expenses, and attorneys' fees; and

4.     Grant such other and further relief as the Court deems just and proper.

146035.01296/132166506v.1

Respectfully submitted,


By:   */s/ Joshua A. Huber*
    Joshua A. Huber
    Texas Bar No. 24065457
    jhuber@blankrome.com
    Robert T. Lieber Jr.
    Tennessee Bar No. 35829
    robert.lieber@blankrome.com
    BLANK ROME LLP
    717 Texas Avenue, Suite 1400
    Houston, Texas 77002
    (713) 228-6601
    (713) 228-6605 (fax)

**ATTORNEYS FOR DEFENDANTS SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES AND US BANK TRUST, N.A. AS TRUSTEE FOR IGLOO SERIES II TRUST**


## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, a true and correct copy of the foregoing was served on all counsel of record pursuant to the Federal Rules of Civil Procedure, via email.


    */s/  Joshua A. Huber*
    Joshua A. Huber

146035.01296/132166506v.1